UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTHEW HOPKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. _____ |
| v. | ) |
| | ) JURY TRIAL DEMANDED |
| PACIFIC MERCANTILE BANCORP, | ) |
| DENIS P. KALSCHEUR, JAMES F. | ) |
| DEUTSCH, BRAD R. DINSMORE, | ) |
| MANISH DUTTA, SHANNON F. EUSEY, | ) |
| MICHAEL P. HOOPIS, ANNE | ) |
| MCCALLION, MICHELE S. MIYAKAWA, | ) |
| DAVID J. MUNIO, STEPHEN P. YOST, and | ) |
| BANC OF CALIFORNIA, INC., | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. This action stems from a proposed transaction announced on March 22, 2021 (the "Proposed Transaction"), pursuant to which Pacific Mercantile Bancorp ("Pacific Mercantile" or the "Company") will be acquired by Banc of California, Inc. ("Banc of California").

2. On March 22, 2021, Pacific Mercantile's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Banc of California. Pursuant to the terms of the Merger Agreement, shareholders of Pacific Mercantile will receive 0.50 shares of Banc of California common stock for each share of Pacific Mercantile common stock they own.

3. On April 30, 2021, defendants filed a Form S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4. The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Pacific Mercantile common stock.

9. Defendant Pacific Mercantile is a California corporation and maintains its principal executive offices at 940 South Coast Drive, Costa Mesa, California 92626. Pacific Mercantile's

common stock is traded NASDAQ, which is headquartered in New York, New York, under the ticker symbol "PMBC."

10. Defendant Denis P. Kalscheur is Chairman of the Board of the Company.

11. Defendant James F. Deutsch is a director of the Company.

12. Defendant Brad R. Dinsmore is President, Chief Executive Officer, and a director of the Company.

13. Defendant Manish Dutta is a director of the Company.

14. Defendant Shannon F. Eusey is a director of the Company.

15. Defendant Michael P. Hoopis is a director of the Company.

16. Defendant Anne McCallion is a director of the Company.

17. Defendant Michele S. Miyakawa is a director of the Company.

18. Defendant David J. Munio is a director of the Company.

19. Defendant Stephen P. Yost is a director of the Company.

20. The defendants identified in paragraphs 10 through 19 are collectively referred to herein as the "Individual Defendants."

21. Defendant Banc of California is a Maryland corporation and a party to the Merger Agreement.

### SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

22. Pacific Mercantile is the parent holding company of Pacific Mercantile Bank (the "Bank").

23. The Bank, which is an FDIC insured, California state-chartered bank and a member of the Federal Reserve System, provides a wide range of commercial banking services to

businesses, business professionals, and individual clients.

24. The Bank operates a total of seven offices in Southern California, located in Orange, Los Angeles, San Diego, and San Bernardino counties.

25. On March 22, 2021, Pacific Mercantile's Board caused the Company to enter into the Merger Agreement with Banc of California.

26. Pursuant to the terms of the Merger Agreement, shareholders of Pacific Mercantile will receive 0.50 shares of Banc of California common stock for each share of Pacific Mercantile common stock they own.

27. According to the press release announcing the Proposed Transaction:

> Banc of California, Inc. (NYSE: BANC) (the "Company", "Banc of California", "we", "us" or "our"), the holding company of Banc of California, N.A., and Pacific Mercantile Bancorp (NASDAQ: PMBC) ("Pacific Mercantile"), the holding company of Pacific Mercantile Bank, today announced they have entered into a definitive agreement and plan of merger under which Pacific Mercantile will merge into Banc of California in an all-stock transaction valued at approximately $235 million, or $9.77 per share, based on the closing price for Banc of California's common stock of $19.54 as of March 22, 2021. Banc of California expects the transaction to be 12.9% accretive to EPS in 2022 with a 2.3 year earnback period to tangible book value per share based on a conservative and achievable cost savings estimate of approximately 35%. . . .
>
> Transaction Details
>
> Under the terms of the definitive agreement, which was approved by the Board of Directors of both companies, holders of Pacific Mercantile common stock will receive 0.5 shares of Banc of California common stock for each share of Pacific Mercantile common stock they own.
>
> Existing Banc of California stockholders will own approximately 81% of the outstanding shares of the combined company and Pacific Mercantile shareholders are expected to own approximately 19%.
>
> The transaction is expected to close in the third quarter of 2021, subject to satisfaction of customary closing conditions, including regulatory approvals and shareholder approvals from Banc of California and Pacific Mercantile shareholders. Pacific Mercantile directors who own shares of Pacific Mercantile common stock and certain shareholders have entered into agreements with Banc of California

pursuant to which they have committed to vote their shares of Pacific Mercantile common stock in favor of the transaction. Banc of California directors who own shares of Banc of California common stock and certain stockholders have entered into agreements with Pacific Mercantile pursuant to which they have committed to vote their shares of Banc of California common stock in favor of the transaction.

Piper Sandler & Co. acted as financial advisor to Banc of California in the transaction and delivered a fairness opinion to the Board of Directors of Banc of California. Sullivan & Cromwell LLP served as legal counsel to Banc of California. Keefe, Bruyette & Woods, Inc., *a Stifel Company*, acted as financial advisor to Pacific Mercantile and delivered a fairness opinion to the Board of Directors of Pacific Mercantile. Sheppard, Mullin, Richter & Hampton LLP served as legal counsel to Pacific Mercantile.

***The Registration Statement Omits Material Information***

28. Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

29. As set forth below, the Registration Statement omits material information with respect to the Proposed Transaction.

30. First, the Registration Statement omits the Company's and Banc of California's financial projections.

31. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

32. Second, the Registration Statement omits material information regarding the analyses performed by the Company's financial advisor in connection with the Proposed Transaction, Keefe, Bruyette & Woods, Inc. ("KBW").

33. With respect to KBW's PMB Selected Companies Analysis, the Registration Statement fails to disclose the individual multiples and metrics for the companies observed in the

analysis.

34. With respect to KBW's BOC Selected Companies Analysis, the Registration Statement fails to disclose the individual multiples and metrics for the companies observed in the analysis.

35. With respect to KBW's Selected Transactions Analysis, the Registration Statement fails to disclose the individual multiples and metrics for the transactions observed in the analysis.

36. With respect to KBW's Financial Impact Analysis, the Registration Statement fails to disclose: (i) the closing balance sheet estimates for Banc of California and the Company; (ii) the earnings per share street estimates for Banc of California and the Company; (iii) the pro forma assumptions; and (iv) the extent to which the Proposed Transaction could be accretive to Banc of California's estimated 2021 and 2022 EPS and dilutive to Banc of California's estimated tangible book value per share at closing as of September 30, 2021.

37. With respect to KBW's PMB Dividend Discount Model Analysis, the Registration Statement fails to disclose: (i) the street estimates for Pacific Mercantile; (ii) the long-term growth rates for the Company; (iii) the individual inputs and assumptions underlying the discount rates used in the analysis; (iv) the future excess capital and terminal values used in the analysis; (v) KBW's basis for assuming that the Company would maintain a tangible common equity to tangible assets ratio of 8.00% and would retain sufficient earnings to maintain that level; (vi) Pacific Mercantile's estimated 2026 earnings; and (vii) KBW's basis for applying a range of 11.0x to 15.0x to Company's estimated 2026 earnings.

38. With respect to KBW's BOC Dividend Discount Model Analysis, the Registration Statement fails to disclose: (i) the street estimates for Banc of California; (ii) the long-term growth rates for Banc of California; (iii) the individual inputs and assumptions underlying the discount

6

rates used in the analysis; (iv) the future excess capital and terminal values used in the analysis; (v) KBW's basis for assuming that Banc of California would maintain a tangible common equity to tangible assets ratio of 8.00% and would retain sufficient earnings to maintain that level; (vi) Banc of California's estimated 2026 earnings; and (vii) KBW's basis for applying a range of 15.0x to 19.0x to the estimated 2026 earnings.

39. With respect to KBW's Pro Forma Dividend Discount Model Analysis, the Registration Statement fails to disclose: (i) the street estimates for Pacific Mercantile and Banc of California; (ii) the long-term growth rates for Pacific Mercantile and Banc of California; (iii) the individual inputs and assumptions underlying the discount rates used in the analysis; (iv) the future excess capital and terminal values used in the analysis; (v) KBW's basis for assuming that the pro forma company would maintain a tangible common equity to tangible assets ratio of 8.00% and would retain sufficient earnings to maintain that level; (vi) the pro forma combined entity's estimated 2026 earnings; and (vii) KBW's basis for applying a range of 15.0x to 19.0x to the estimated 2026 earnings.

40. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

41. Third, the Registration Statement omits material information regarding KBW.

42. The Registration Statement fails to disclose the amount of compensation received by KBW for the prior services it provided to Banc of California and its affiliates.

43. Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

44. The omission of the above-referenced material information renders the Registration Statement false and misleading.

45. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Pacific Mercantile

46. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

47. The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Pacific Mercantile is liable as the issuer of these statements.

48. The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

49. The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

50. The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

51. The Registration Statement is an essential link in causing plaintiff to approve the Proposed Transaction.

52. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

53. Because of the false and misleading statements in the Registration Statement, plaintiff is threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants and Banc of California

54. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

55. The Individual Defendants and Banc of California acted as controlling persons of Pacific Mercantile within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or Board members of Pacific Mercantile and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

56. Each of the Individual Defendants and Banc of California was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

57. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had

the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Registration Statement.

58. Banc of California also had supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

59. By virtue of the foregoing, the Individual Defendants and Banc of California violated Section 20(a) of the 1934 Act.

60. As set forth above, the Individual Defendants and Banc of California had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in

it or necessary to make the statements contained therein not misleading;

      D.      Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

      E.      Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

      F.      Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: May 7, 2021

**RIGRODSKY LAW, P.A.**

By: */s/ Gina M. Serra*
     Seth D. Rigrodsky
     Timothy J. MacFall
     Gina M. Serra
     Vincent A. Licata
     825 East Gate Boulevard, Suite 300
     Garden City, NY 11530
     Telephone: (516) 683-3516
     Email: sdr@rl-legal.com
     Email: tjm@rl-legal.com
     Email: gms@rl-legal.com
     Email: vl@rl-legal.com

*Attorneys for Plaintiff*